UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

vs.

(1) BRANDON MOORE, a/k/a
"BAMBOOZLE MOORE," a/k/a "BAM,"

(2) ███████████████████

(3) ███████████████ and

(4) ███████████████,

Defendants

Case No. 22-CR-10157-FDS

## **GOVERNMENT'S MOTION TO PARTIALLY UNSEAL**

The United States of America hereby moves this Court to direct that the indictment be

partially unsealed in the form attached hereto. In support of this motion, the government states

that the defendant Brandon Moore has been taken into custody. Thus, there is no further reason

to keep the indictment as to him sealed. Because the co-defendants have not yet been arrested,

the government requests that the indictment remain partially sealed, and that only the attached

redacted indictment be made public at this time.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: _____

Elianna J. Nuzum
Assistant United States Attorney
Date: July 15, 2022

So ordered.

_____

Judith G. Dein
U.S. Magistrate Judge

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Magistrate Judge Judith G. Dein (amy_hollman@mad.uscourts.gov,
honorable_judith_dein@mad.uscourts.gov, katherine_thomson@mad.uscourts.gov,
thomas_quinn@mad.uscourts.gov), Chief Judge F. Dennis Saylor, IV
(matthew_mckillop@mad.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:9907975@mad.uscourts.gov
Subject:Activity in Case 1:22-cr-10157-FDS USA v. SEALED Order on Motion to Unseal Case
Content-Type: text/html
```

## United States District Court

## District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 7/15/2022 at 1:55 PM EDT and filed on 7/15/2022

**Case Name:**      USA v. SEALED

**Case Number:**    1:22-cr-10157-FDS *SEALED*

**Filer:**

**Document Number:** 8(No document attached)

**Docket Text:**
 **Magistrate Judge Judith G. Dein: ELECTRONIC ORDER entered granting [7] Motion to Partially Unseal Case as to Brandon Moore (1) (Belpedio, Lisa)**


**1:22-cr-10157-FDS *SEALED*-1 No electronic public notice will be sent because the case/entry is sealed.**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



UNITED STATES OF AMERICA

v.

(1) BRANDON MOORE, a/k/a
"BAMBOOZLE MOORE," a/k/a "BAM,"

(2) ▮▮▮▮▮▮▮▮

(3) ▮▮▮▮▮ and

(4) ▮▮▮▮

Defendants

Criminal No.  22cr10157

Violations:

Count One: Conspiracy to Commit Illegal
Transportation or Receipt in State of Residency
of Firearm Purchased or Acquired Outside of
State of Residency
(18 U.S.C. § 371)

Count Two: Illegal Transportation or Receipt in
State of Residency of Firearm Purchased or
Acquired Outside of State of Residency; Aiding
and Abetting
(18 U.S.C. §§ 922(a)(3) and 2)

Count Three: Illegal Transportation or Receipt in
State of Residency of Firearm Purchased or
Acquired Outside of State of Residency; Aiding
and Abetting
(18 U.S.C. §§ 922(a)(3) and 2)

Count Four: Felon in Possession of
Firearm
(18 U.S.C. § 922(g)(1))

Count Five: Felon in Possession of
Firearm
(18 U.S.C. § 922(g)(1))

Forfeiture Allegation:
(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.    Defendant BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"

1

("MOORE") was a resident of Alabama, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

2.  Defendant 

███████ was a resident of Massachusetts, had previously been convicted in a court of a crime punishable by a term of imprisonment of more than one year, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

3.  Defendant ████████████████████ was a resident of Massachusetts, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

4.  Defendant ██████████ was a resident of Massachusetts, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

5.  Beginning no later than January 2, 2020, and continuing until at least May 27, 2021, MOORE, ██████████ and others known and unknown to the Grand Jury, conspired to obtain no fewer than twenty-four firearms from Alabama and transport them to Massachusetts for ██████ and ████ 's use and for distribution to their associates.

6.  MOORE, ██████ and ████ knew that none of them were licensed importers, manufacturers, dealers, or collectors of firearms, within the meaning of Chapter 44, Title 18, United States Code.

7.  MOORE, ██████ and ████ further knew that neither ██████ or ████ could lawfully possess a firearm in Massachusetts because, among other

2

8

reasons, none of them had a Massachusetts firearms identification card.

8.      ▮▮▮▮ and ▮▮▮▮ placed orders for firearms with MOORE, after which MOORE purchased or otherwise obtained the firearms in Alabama.

9.      ▮▮▮▮ and ▮▮▮▮ arranged for the transport of the firearms from Alabama into Boston.

10.     ▮▮▮▮ and ▮▮▮▮ physically transported the firearms from Alabama to Boston hidden in their luggage on commercial buses.

### Objects and Purposes of the Conspiracy

11.     The objects of the conspiracy were to illegally transport into Massachusetts, where ▮▮▮▮ and ▮▮▮▮ resided, firearms purchased or obtained by MOORE, ▮▮▮▮ and ▮▮▮▮ outside of Massachusetts. The principal purposes and objectives of the conspiracy were to obtain firearms in Alabama that the defendants could not lawfully obtain or possess in Massachusetts, to obtain firearms for less money than they cost in Massachusetts, to obtain firearms for themselves, to distribute firearms to associates in Massachusetts, to make money, and to conceal actions from law enforcement.

### Manner and Means of the Conspiracy

12.     Among the manner and means by which MOORE, ▮▮▮▮ and ▮▮▮▮ and coconspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

a.      It was part of the conspiracy that ▮▮▮▮ and ▮▮▮▮ would contact MOORE to place orders for firearms that they and their associates wished to obtain.

3

9

b.   It was further part of the conspiracy that MOORE purchased or otherwise obtained in Alabama the firearms that ███████ and ███████ had ordered.

c.   It was further part of the conspiracy that ███████ and ███████ arranged for the transport of the firearms from Alabama into Boston, Massachusetts.

d.   It was further part of the conspiracy that ███████ and ███████ traveled from Boston to Alabama to take custody of the firearms, and physically transported the firearms from Alabama to Boston hidden in their luggage on commercial buses.

e.   It was further part of the conspiracy that ███████ and ███████ paid MOORE for the firearms in cash, guns, and/or marijuana.

f.   It was further part of the conspiracy that ███████ and ███████ kept some firearms for themselves and distributed other firearms to their associates in Boston.

### Overt Acts in Furtherance of the Conspiracy

13.   From on or about January 2, 2020 through on or about May 27, 2021, MOORE, ███████ and ███████ and coconspirators known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.   On or around January 2, 2020, MOORE sent a message through a social media platform to ███████ stating that he was trying to get ahold of everybody "to find out what's what" because he was leaving in a few days.

b.   On or around January 3, 2020, MOORE sent a message through a social

4

media platform to ███████ stating, "Might hv a problem, hvnt seen dude since dat day jus wanna let u kno. . . U miggt hv to send dwn nbs. . . If u do send me 500 n I gt u. . . Well 5 n sum bud."

c.  On or around January 4, 2020, MOORE sent a message through a social media platform to ███████ stating that a .380 caliber firearm was all that "came through."

d.  On or around January 6, 2020, MOORE sent ███████ a photo of a firearm and the two men engaged in a video chat minutes later.

e.  On or around January 8, 2020, MOORE traveled to Boston and provided ███████ a firearm that he had obtained in Alabama in exchange for cash and marijuana.

f.  On or around February 24, 2020, after MOORE had returned to Alabama, ███████ sent a message to MOORE asking him to obtain one or two firearms for him.

g.  On or around July 3, 2020, ███████ sent MOORE a message asking him to call him as soon as possible.

h.  On or around July 4, 2020, ███████ purchased a commercial bus ticket for travel from Boston, Massachusetts to Montgomery, Alabama on or around July 5-6, 2020.

i.  On or around July 14, 2020, MOORE caused an individual known to the Grand Jury to purchase seven firearms for him at gun stores in Alabama.

j.  On or around July 15, 2020, ███████ boarded a commercial bus in

5

11

Montgomery, Alabama, in possession of approximately 12 to 13 firearms that MOORE had obtained for him in Alabama, and traveled with them to Boston, Massachusetts, arriving in Boston on or around July 17.

k.   On or around July 28, 2020, MOORE sent ▮▮▮▮ a photo of a firearm.

l.   On or around July 30, 2020, MOORE and ▮▮▮▮ engaged in two video chats regarding firearms.

m.   On or around July 30, 2020, MOORE caused an individual to purchase three firearms for him at a gun store in Alabama.

n.   On or around July 30, 2020, MOORE sent ▮▮▮▮ a message offering to sell him a firearm with a magazine in it.

o.   On or around July 31, 2020, MOORE sent ▮▮▮▮ a photo of a firearm sight for a Springfield XD firearm.

p.   On or around August 1, 2020, MOORE sent ▮▮▮▮ a photo of a new Taurus Spectrum in a gun box.

q.   On or around August 6, 2020, ▮▮▮▮ purchased commercial bus tickets for him and ▮▮▮▮ to travel from Boston, Massachusetts to Montgomery, Alabama on or around August 10, 2020.

r.   On or around August 13, 2020, in Alabama, ▮▮▮▮ fired some of the firearms that MOORE had obtained for him and ▮▮▮▮ in Alabama, including an assault rifle.

s.   On or around August 17, 2020, ▮▮▮▮ and ▮▮▮▮ boarded a commercial bus in Montgomery, Alabama, in possession of approximately

6

12 to 15 firearms that MOORE had obtained for them in Alabama, and traveled with them to Boston, Massachusetts, arriving in Boston on or around August 19.

t.   On or around January 25, 2021, ████ sent MOORE a message asking, "Can I place a pre-order for like 3-4 ? I'll send $$ for Em."

u.   On or around April 24, 2021, ████ sent MOORE messages saying, "call my number . . . ████ ."

7

COUNT ONE
Conspiracy to Commit Illegal Transportation or Receipt in State of Residency of Firearm
Purchased or Acquired Outside of State of Residency
(18 U.S.C. § 371)

The Grand Jury charges:

14.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

15.     From on or about January 2, 2020, through on or about May 27, 2021, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1) BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"

 and

conspired with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency, that is, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the State of Massachusetts, where _____ and _____ then resided, multiple firearms, said firearms having been purchased or obtained by the defendants outside the State of Massachusetts, in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

All in violation of Title 18, United States Code, Section 371.

8

## COUNT TWO
### Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting
### (18 U.S.C. §§ 922(a)(3) and 2)

The Grand Jury further charges:

16.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

17.     On or around July 15, 2020 through July 17, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the State of Massachusetts, where                    and            then resided, multiple firearms, said firearms having been purchased or obtained by the defendant outside the State of Massachusetts.

All in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

9

## COUNT THREE
### Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting
### (18 U.S.C. §§ 922(a)(3) and 2)

The Grand Jury further charges:

18.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this

Indictment.

19.     On various dates between on or about August 17, 2020 through August 19, 2020,

in the District of Massachusetts, and elsewhere, the defendants,

 and

not being licensed importers, manufacturers, dealers, and collectors of firearms, within the

meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the

State of Massachusetts, where            and           then resided, multiple firearms,

said firearms having been purchased or obtained by the defendants outside the State of

Massachusetts.

All in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

10

16

## COUNT FOUR
### Felon in Possession of Firearm
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

20.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

21.     On or around July 17, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is:

a. Cobra Enterprises, Inc., model CCB 38, .380 caliber pistol, bearing serial number BTO15800;

b. HS Produkt, model Hellcat, 9mm pistol, bearing serial number BY211400;

c. Bersa, model 83, .380 caliber pistol, bearing serial number 287735;

d. Smith & Wesson, model M&P 40, .40 caliber pistol, bearing serial number HZS8814;

e. Smith & Wesson, model M&P 40, .40 caliber pistol, bearing serial number JCK9567;

f. Taurus, model 856 Ultralite, .38 caliber revolver, bearing serial number ABE543505; and

g. Taurus, model 856 Ultralite, .38 caliber revolver, bearing serial number ABE547735.

All in violation of Title 18, United States Code, Section 922(g)(1).

11

17

## COUNT FIVE
### Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

22.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

23.     On or around August 19, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is:

a. Taurus International, model Spectrum, .380 caliber pistol, bearing serial number 1F062808;

b. HS Produkt, model XD Mod. 2, .40 caliber pistol, bearing serial number GM137971; and

c. Sig Sauer, model SP2022, .40 caliber pistol, bearing serial number 24B220885.

All in violation of Title 18, United States Code, Section 922(g)(1).

12

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

24.     Upon conviction of the offenses in violation of Title 18, United States Code,

Section 922, set forth in Counts Two through Five, defendants

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and

Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in

any knowing commission of the offenses.

25.     If any of the property described in Paragraph 24, above, as being forfeitable

pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code,

Section 2461(c), as a result of any act or omission of the defendant --

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 24 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code,

Section 2461.

13

A TRUE BILL

FOREPERSON

ELIANNA J. NUZUM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 14, 2022
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK        1:14 pm

14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"<br><br>(2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III,"<br><br>(3) JARMORI BROWN, a/k/a "LIVE," and<br><br>(4) KOBE SMITH,<br><br>           Defendants | Criminal No.    22cr10157<br><br>Violations:<br><br>Count One: Conspiracy to Commit Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency<br>(18 U.S.C. § 371)<br><br>Count Two: Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting<br>(18 U.S.C. §§ 922(a)(3) and 2)<br><br>Count Three: Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired Outside of State of Residency; Aiding and Abetting<br>(18 U.S.C. §§ 922(a)(3) and 2)<br><br>Count Four: Felon in Possession of Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Count Five: Felon in Possession of Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.    Defendant BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"

1

("MOORE") was a resident of Alabama, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

2.    Defendant JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III" ("PRINGLE") was a resident of Massachusetts, had previously been convicted in a court of a crime punishable by a term of imprisonment of more than one year, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

3.    Defendant JARMORI BROWN, a/k/a "LIVE" ("BROWN") was a resident of Massachusetts, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

4.    Defendant KOBE SMITH ("SMITH") was a resident of Massachusetts, and was not a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code.

5.    Beginning no later than January 2, 2020, and continuing until at least May 27, 2021, MOORE, PRINGLE, BROWN, and SMITH, and others known and unknown to the Grand Jury, conspired to obtain no fewer than twenty-four firearms from Alabama and transport them to Massachusetts for PRINGLE, BROWN, and SMITH's use and for distribution to their associates.

6.    MOORE, PRINGLE, BROWN, and SMITH knew that none of them were licensed importers, manufacturers, dealers, or collectors of firearms, within the meaning of Chapter 44, Title 18, United States Code.

7.    MOORE, PRINGLE, BROWN, and SMITH further knew that neither PRINGLE, BROWN, or SMITH could lawfully possess a firearm in Massachusetts because, among other

2

reasons, none of them had a Massachusetts firearms identification card.

8.      PRINGLE and SMITH placed orders for firearms with MOORE, after which MOORE purchased or otherwise obtained the firearms in Alabama.

9.      PRINGLE and SMITH arranged for the transport of the firearms from Alabama into Boston.

10.      PRINGLE and BROWN physically transported the firearms from Alabama to Boston hidden in their luggage on commercial buses.

### Objects and Purposes of the Conspiracy

11.      The objects of the conspiracy were to illegally transport into Massachusetts, where PRINGLE, BROWN, and SMITH resided, firearms purchased or obtained by MOORE, PRINGLE, BROWN, and SMITH outside of Massachusetts. The principal purposes and objectives of the conspiracy were to obtain firearms in Alabama that the defendants could not lawfully obtain or possess in Massachusetts, to obtain firearms for less money than they cost in Massachusetts, to obtain firearms for themselves, to distribute firearms to associates in Massachusetts, to make money, and to conceal actions from law enforcement.

### Manner and Means of the Conspiracy

12.      Among the manner and means by which MOORE, PRINGLE, BROWN, and SMITH, and coconspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

a.      It was part of the conspiracy that PRINGLE and SMITH would contact MOORE to place orders for firearms that they and their associates wished to obtain.

3

b.      It was further part of the conspiracy that MOORE purchased or otherwise obtained in Alabama the firearms that PRINGLE and SMITH had ordered.

c.      It was further part of the conspiracy that PRINGLE and SMITH arranged for the transport of the firearms from Alabama into Boston, Massachusetts.

d.      It was further part of the conspiracy that PRINGLE and BROWN traveled from Boston to Alabama to take custody of the firearms, and physically transported the firearms from Alabama to Boston hidden in their luggage on commercial buses.

e.      It was further part of the conspiracy that PRINGLE and SMITH paid MOORE for the firearms in cash, guns, and/or marijuana.

f.      It was further part of the conspiracy that PRINGLE, SMITH, and BROWN kept some firearms for themselves and distributed other firearms to their associates in Boston.

Overt Acts in Furtherance of the Conspiracy

13.     From on or about January 2, 2020 through on or about May 27, 2021, MOORE, BROWN, PRINGLE, and SMITH, and coconspirators known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.      On or around January 2, 2020, MOORE sent a message through a social media platform to SMITH, stating that he was trying to get ahold of everybody "to find out what's what" because he was leaving in a few days.

b.      On or around January 3, 2020, MOORE sent a message through a social

4

media platform to PRINGLE, stating, "Might hv a problem, hvnt seen dude since dat day jus wanna let u kno. . . U miggt hv to send dwn nbs. . . If u do send me 500 n I gt u. . . Well 5 n sum bud."

c.    On or around January 4, 2020, MOORE sent a message through a social media platform to PRINGLE, stating that a .380 caliber firearm was all that "came through."

d.    On or around January 6, 2020, MOORE sent PRINGLE a photo of a firearm and the two men engaged in a video chat minutes later.

e.    On or around January 8, 2020, MOORE traveled to Boston and provided PRINGLE a firearm that he had obtained in Alabama in exchange for cash and marijuana.

f.    On or around February 24, 2020, after MOORE had returned to Alabama, SMITH sent a message to MOORE asking him to obtain one or two firearms for him.

g.    On or around July 3, 2020, PRINGLE sent MOORE a message asking him to call him as soon as possible.

h.    On or around July 4, 2020, PRINGLE purchased a commercial bus ticket for travel from Boston, Massachusetts to Montgomery, Alabama on or around July 5-6, 2020.

i.    On or around July 14, 2020, MOORE caused an individual known to the Grand Jury to purchase seven firearms for him at gun stores in Alabama.

j.    On or around July 15, 2020, PRINGLE boarded a commercial bus in

Montgomery, Alabama, in possession of approximately 12 to 13 firearms that MOORE had obtained for him in Alabama, and traveled with them to Boston, Massachusetts, arriving in Boston on or around July 17.

k.  On or around July 28, 2020, MOORE sent SMITH a photo of a firearm.

l.  On or around July 30, 2020, MOORE and PRINGLE engaged in two video chats regarding firearms.

m.  On or around July 30, 2020, MOORE caused an individual to purchase three firearms for him at a gun store in Alabama.

n.  On or around July 30, 2020, MOORE sent SMITH a message offering to sell him a firearm with a magazine in it.

o.  On or around July 31, 2020, MOORE sent PRINGLE a photo of a firearm sight for a Springfield XD firearm.

p.  On or around August 1, 2020, MOORE sent PRINGLE a photo of a new Taurus Spectrum in a gun box.

q.  On or around August 6, 2020, PRINGLE purchased commercial bus tickets for him and BROWN to travel from Boston, Massachusetts to Montgomery, Alabama on or around August 10, 2020.

r.  On or around August 13, 2020, in Alabama, PRINGLE fired some of the firearms that MOORE had obtained for him and BROWN in Alabama, including an assault rifle.

s.  On or around August 17, 2020, PRINGLE and BROWN boarded a commercial bus in Montgomery, Alabama, in possession of approximately

6

12 to 15 firearms that MOORE had obtained for them in Alabama, and traveled with them to Boston, Massachusetts, arriving in Boston on or around August 19.

t.    On or around January 25, 2021, PRINGLE sent MOORE a message asking, "Can I place a pre-order for like 3-4 ? I'll send $$ for Em."

u.    On or around April 24, 2021, SMITH sent MOORE messages saying, "call my number . . . xxxxxx3273."

## COUNT ONE
Conspiracy to Commit Illegal Transportation or Receipt in State of Residency of Firearm
Purchased or Acquired Outside of State of Residency
(18 U.S.C. § 371)

The Grand Jury charges:

14.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this

Indictment.

15.     From on or about January 2, 2020, through on or about May 27, 2021, in Boston,

in the District of Massachusetts, and elsewhere, the defendants,

> (1) BRANDON MOORE, a/k/a "BAMBOOZLE MOORE," a/k/a "BAM,"
> (2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III,"
> (3) JARMORI BROWN, a/k/a "LIVE," and
> (4) KOBE SMITH,

conspired with each other and with others known and unknown to the Grand Jury to commit an

offense against the United States, to wit, Illegal Transportation or Receipt in State of Residency of

Firearm Purchased or Acquired Outside of State of Residency, that is, not being a licensed

importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title

18, United States Code, willfully did transport into or receive in the State of Massachusetts, where

BROWN, PRINGLE, and SMITH then resided, multiple firearms, said firearms having been

purchased or obtained by the defendants outside the State of Massachusetts, in violation of Title

18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

All in violation of Title 18, United States Code, Section 371.

8

<u>COUNT TWO</u>
Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired
Outside of State of Residency; Aiding and Abetting
(18 U.S.C. §§ 922(a)(3) and 2)

The Grand Jury further charges:

16.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this

Indictment.

17.     On or around July 15, 2020 through July 17, 2020, in Boston, in the District of

Massachusetts, and elsewhere, the defendant,

(2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III,"

not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning

of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the State of

Massachusetts, where PRINGLE, BROWN, and SMITH then resided, multiple firearms, said

firearms having been purchased or obtained by the defendant outside the State of Massachusetts.

All in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

9

<u>COUNT THREE</u>
Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired
Outside of State of Residency; Aiding and Abetting
(18 U.S.C. §§ 922(a)(3) and 2)

The Grand Jury further charges:

18.   The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this

Indictment.

19.   On various dates between on or about August 17, 2020 through August 19, 2020,

in the District of Massachusetts, and elsewhere, the defendants,

(2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III," and
(3) JARMORI BROWN, a/k/a "LIVE,"

not being licensed importers, manufacturers, dealers, and collectors of firearms, within the

meaning of Chapter 44, Title 18, United States Code, willfully did transport into or receive in the

State of Massachusetts, where PRINGLE, BROWN, and SMITH then resided, multiple firearms,

said firearms having been purchased or obtained by the defendants outside the State of

Massachusetts.

All in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D).

10

COUNT FOUR
Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

20.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this

Indictment.

21.     On or around July 17, 2020, in Boston, in the District of Massachusetts, and

elsewhere, the defendant,

(2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is:

a. Cobra Enterprises, Inc., model CCB 38, .380 caliber pistol, bearing serial number
BTO15800;

b. HS Produkt, model Hellcat, 9mm pistol, bearing serial number BY211400;

c. Bersa, model 83, .380 caliber pistol, bearing serial number 287735;

d. Smith & Wesson, model M&P 40, .40 caliber pistol, bearing serial number HZS8814;

e. Smith & Wesson, model M&P 40, .40 caliber pistol, bearing serial number JCK9567;

f. Taurus, model 856 Ultralite, .38 caliber revolver, bearing serial number ABE543505; and

g. Taurus, model 856 Ultralite, .38 caliber revolver, bearing serial number ABE547735.

All in violation of Title 18, United States Code, Section 922(g)(1).

11

<u>COUNT FIVE</u>
Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

22.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

23.     On or around August 19, 2020, in Boston, in the District of Massachusetts, and elsewhere, the defendant,

(2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is:

a.  Taurus International, model Spectrum, .380 caliber pistol, bearing serial number 1F062808;

b.  HS Produkt, model XD Mod. 2, .40 caliber pistol, bearing serial number GM137971; and

c.  Sig Sauer, model SP2022, .40 caliber pistol, bearing serial number 24B220885.

All in violation of Title 18, United States Code, Section 922(g)(1).

12

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

24.     Upon conviction of the offenses in violation of Title 18, United States Code,

Section 922, set forth in Counts Two through Five, defendants

(2) JAHQUEL PRINGLE, a/k/a "KUR," a/k/a "WINSTON RICHARDS III," and
(3) JARMORI BROWN, a/k/a "LIVE,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and

Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in

any knowing commission of the offenses.

25.     If any of the property described in Paragraph 24, above, as being forfeitable

pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code,

Section 2461(c), as a result of any act or omission of the defendant --

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided
           without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 24 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code,

Section 2461.

A TRUE BILL

FOREPERSON

ELIANNA J. NUZUM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 14, 2022
Returned into the District Court by the Grand Jurors and filed.

1:14 pm
DEPUTY CLERK

14

JS 45 (5/97) - (Revised U.S.D.C. MA 3/25/2011)

**Criminal Case Cover Sheet**                                       **U.S. District Court - District of Massachusetts**

**Place of Offense:**              **Category No.**  II              **Investigating Agency**   ATF

**City**    Boston                      **Related Case Information:**

**County**   Suffolk                    Superseding Ind./ Inf. _____   Case No. _____
                                        Same Defendant _____   New Defendant _____
                                        Magistrate Judge Case Number _____
                                        Search Warrant Case Number   see attached
                                        R 20/R 40 from District of _____

**Defendant Information:**

**Defendant Name**    Brandon Moore                       Juvenile:       ☐ Yes  ☑ No

                      Is this person an attorney and/or a member of any state/federal bar:  ☐ Yes  ☑ No

**Alias Name** _____

**Address**    (City & State)  Luverne, AL

**Birth date (Yr only):** 1983   **SSN (last4#):** 8990   **Sex** M   **Race:** Black   **Nationality:** _____

**Defense Counsel if known:** _____   **Address** _____

**Bar Number** _____

**U.S. Attorney Information:**

**AUSA**   Elianna J. Nuzum                       **Bar Number if applicable**   663354

**Interpreter:**     ☐ Yes   ☑ No        List language and/or dialect: _____

**Victims:**    ☐ Yes ☑ No  If yes, are there multiple crime victims under 18 USC§3771(d)(2)   ☐ Yes   ☐ No

**Matter to be SEALED:**   ☑ Yes   ☐ No

        ☑ Warrant Requested              ☐ Regular Process              ☐ In Custody

**Location Status:**

**Arrest Date** _____

☐ Already in Federal Custody as of _____ in _____ .
☐ Already in State Custody at _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by: _____ on _____

**Charging Document:**      ☐ Complaint      ☐ Information      ☑ Indictment

**Total # of Counts:**      ☐ Petty ——   ☐ Misdemeanor ——   ☑ Felony   1

Continue on Page 2 for Entry of U.S.C. Citations

☑  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are
   accurately set forth above.

Date:   07/14/2022              Signature of AUSA:   Elianna J. Nuzum

JS 45 (5/97)  (Revised U.S.D.C. MA 12/7/05) Page 2 of 2 or Reverse

**District Court Case Number**   (To be filled in by deputy clerk): _____

**Name of Defendant**     Brandon Moore

### U.S.C. Citations

| | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | 18 U.S.C. § 371 | Conspiracy to Commit Illegal Transportation or Receipt in State of Residency of Firearm Purchased or Acquired | 1 |
| | | Outside of State of Residency | |
| Set 2 | _____ | _____ | _____ |
| Set 3 | _____ | _____ | _____ |
| Set 4 | _____ | _____ | _____ |
| Set 5 | _____ | _____ | _____ |
| Set 6 | _____ | _____ | _____ |
| Set 7 | _____ | _____ | _____ |
| Set 8 | _____ | _____ | _____ |
| Set 9 | _____ | _____ | _____ |
| Set 10 | _____ | _____ | _____ |
| Set 11 | _____ | _____ | _____ |
| Set 12 | _____ | _____ | _____ |
| Set 13 | _____ | _____ | _____ |
| Set 14 | _____ | _____ | _____ |
| Set 15 | _____ | _____ | _____ |

**ADDITIONAL INFORMATION:** _____

_____

_____

_____

USAMA *CRIM* - Criminal Case Cover Sheet.pdf  3/4/2013

## List of Prior Search Warrants

21-MJ-5154-JGD
21-MJ-5156-JGD
21-MJ-5342-JGD
21-MJ-5343-JGD
21-MJ-5556-JGD
21-MJ-5469 through -6472-JGD
21-MJ-5555-JGD
22-MJ-5228-JGD
2:21-MJ-58-KFP (M.D. Ala.)